IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERMA VIOLA | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | NO: |
| v. | : | |
| | : | |
| MERZONEY, LLC | : | |
| | : | |
|     Defendant. | : | |

**COMPLAINT AND JURY DEMAND**

**I.    INTRODUCTION**

Plaintiff claims of Defendant a sum in excess of $150,000.00 in damages upon a cause of action whereof the following is a statement:

1. This action for declaratory, injunctive, monetary, and other appropriate relief is brought by Plaintiff to redress violations by Defendant of rights secured to Plaintiff by the laws of the United States of America.

2. This action arises under the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA"), and the Americans with Disabilities Act Amendments Act ("ADAAA") of 2008, and is brought by Plaintiff to redress arbitrary, improper, unlawful, willful, deliberate and intentional discrimination with respect to her compensation, terms, conditions and privileges of employment by the Defendant, based on her disability.

**II.    JURISDICTION AND VENUE**

3. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, the ADA and the ADAAA, which provide for original jurisdiction of Plaintiff's claim arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4.  The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c).

5.  All conditions precedent to the institution of this suit have been fulfilled. A Notice of Right to Sue was issued by the U.S. Equal Employment Opportunity Commission on March 19, 2020, and this action was commenced by the Plaintiff within ninety (90) days of receipt of said notice. The Plaintiff has exhausted all other jurisdictional requirements to the maintenance of this action.

### III.  PARTIES

6.  Plaintiff, Erma Viola, is an individual and citizen of the Commonwealth of Pennsylvania who resides therein at 71 Dawn Road, Levittown, Pennsylvania.

7.  Defendant, Merzoney, LLC was and is now a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, with a place of business located at 78 Red Rose Drive, Levittown, Pennsylvania.

8.  At all times relevant hereto, the Defendant was acting through its agents, servants, and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

9.  At all times material herein, the Defendant has been a "person" and "employer" as defined under the ADA and the ADAA, and is subject to the provisions of each Act.

### IV.  STATEMENT OF CLAIMS

10. Plaintiff was employed by Defendant from on or about April, 2014 until on or about June 12, 2019, when she was terminated form her employment as a result of the unlawful and discriminatory employment practices complained of herein.

- 3 -

11.     During the course of her employment, Plaintiff held the position of Assistance Manager and was earning a salary of approximately $25,000 per annum plus benefits. Plaintiff performed her job functions in a dutiful and competent manner.

12.     Plaintiff was diagnosed with breast cancer in or about September, 2018. Plaintiff's medical condition constitutes a Disability within the meaning of the ADA and ADAAA in that she is substantially limited in one or more major life activity, has a record of impairment, or was regarded as being disabled.  At that time, Plaintiff took a medical leave of absence in December 2018 for approximately three (3) months and returned to work in March, 2019.  During her leave Plaintiff underwent a Mastectomy and additional radiation treatment.

13.     Upon Plaintiff's return to work, she was subjected to discriminatory and harassing treatment by her Manager, Frank Merz ("Merz"), solely as a result of her disability.

14.      In connection thereto, Merz frequently criticized Plaintiff's performance and treated her in a hostile, antagonistic and offensive manner.

15.     Furthermore, Merz negatively compared Plaintiff to another employee who had likewise taken a leave of absence for cancer treatments.  Plaintiff believes and therefore avers that this reference was purposeful and another harassing act directed at her due to her disability.

16.     Furthermore, Merz continued to assign Plaintiff extra duties and work as a means to further harass her. On or about June 12, 2020, Plaintiff had a minor dispute with a co-worker.

17. As a result of this dispute, Defendant terminated Plaintiff from her employment. Plaintiff engaged in the same behavior as the co-worker with whom she had the dispute. Plaintiff's termination from employment was disparate in nature in that the other co-worker was not even disciplined for his actions. Prior to the events giving rise to Plaintiff's termination she had no prior disciplinary actions, and was afforded no progressive discipline per Defendant's policies.

18. Plaintiff believes and therefore avers that the reason for her termination was a pretext for discrimination against her on the basis of her disability, aforesaid. Plaintiff believes and avers that she was subjected to discrimination in the terms, conditions, and privileges of her employment, to differential and disparate standards of treatment and was ultimately terminated solely as a result of her disability, perceived disability, and/or record of impairment, as foresaid.

## COUNT I
## (ADA/ADAA)
## Plaintiff  v. Defendant

19. Plaintiff incorporates by reference paragraphs 1 through 18 of this Complaint as though fully set forth herein at length.

20. The actions of the Defendant through its agents, servants, and employees, by terminating the Plaintiff and by failing to accommodate the Plaintiff's disability, constituted a violation of the ADA and the ADAA.

21. The actions of the Defendant, through its agents, servants, and employees, in subjecting the Plaintiff to discrimination in the terms, conditions and privileges of his employment constituted a violation of the ADA and the ADAA.

22.	As a direct result of Defendant's willful and unlawful actions in violation of the ADA and the ADAA, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned promotion, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## **PRAYER FOR RELIEF**

23.	Plaintiff repeats the allegations of paragraph 1 through 22 of this Complaint as if set forth herein at length.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in her favor and against Defendant and order that:

(a)	Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

(b)	Defendant pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other non-pecuniary losses as allowable;

(c)	Defendant pay to Plaintiff punitive damages, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

(d)	The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

**LOVITZ LAW FIRM**

By: ***/s/ Kevin I. Lovitz, Esq.***
KEVIN I. LOVITZ, ESQUIRE
ID # 70184
1650 Market Street, 36th Floor
Philadelphia, PA 19103
(215) 735-1996 Phone
(267) (267)-319-7943 Fax
*Attorney for Plaintiff, Erma Viola*